Case 15-3303, Thomas Perez v. The Ohio Bell Telephone Company. Oral argument, 15 minutes per side. Ms. Vishnuvajula for the appellate. Good morning. I'm Radha Vishnuvajula for the Secretary of Labor. And I'd like to reserve three minutes for rebuttal. Fine. May it please the Court. I'd like to make three points today. First, the Secretary's claims in this case were not moot because the Secretary still has an interest in the outcome of the litigation. Second, Rule 65d is not a pleading requirement. It instructs district courts to issue reasonably detailed injunctions, but it does not limit litigants in their requests for injunctions. Can you keep your voice up just a little? You're talking to an old deaf guy here. Yes, Your Honor. And third, to the extent that the district court exercised its discretion in denying the injunction on the merits, it abused that discretion because it did not consider any of the relevant factors. First, with respect to mootness. Let me ask you this. This is the part that bothers me a little bit about your argument. Did you present to the Court an injunction that you wish to have entered? The complaint requested injunctive relief, but it was not a specific injunction to be entered. I believe it had language in it that the Court should enjoin Ohio Bell from committing violations of Section 11c and any further relief as may be appropriate. Was there actually a, this is what we want, and to whom does it apply, and anything like that? Not exactly. The to whom does it apply part would be to Ohio Bell, but the specific terms of the injunction were not stated in the complaint, and those terms, I think, should have been determined by the district court after a hearing. He doesn't determine the injunction usually. You tell why you want the injunction and for what reasons, and you craft the injunction generally, or that's been my experience. Yes, well, the Secretary requested injunctive relief to prohibit violations of Section 11c in the future, and I think that the specific facts that came out in trial would have informed how exactly that should have been. Well, you think that, but I mean, you know, you got a judge up here, and he's got nothing in front of him from you, and other than this general request, I'll call it, and he says dismiss the case. So that's where I'm having the problem with your argument, and I guess I want to know why you didn't. Well, the cases that the Secretary cited in his opening brief did include a lot of cases where injunctive relief was actually granted that broadly. I'm not saying they couldn't or wouldn't. I'm talking about this case and how you presented it. And just to clarify, you're asking why it wasn't more specific in the complaint? Why you didn't present an injunction. This is what we want, Judge, so he has something to rule on. Well, I think he could have ruled on the language that was in the complaint, but generally the reason the Secretary requests injunctions a little more broadly is because the exact facts of what happened haven't actually come out yet. And so if the Secretary were to craft a very narrow injunction based on what he believed occurred and the exact manner in which he believed that Ohio Bell had discriminated against him. But the opposite is also true. If it's a very general injunction, then what does the District Judge do with that? I think in that situation, if the District Judge doesn't want to enter a very general injunction, he could have requested that the Secretary amend it. Isn't that your burden and not his burden? I mean, the District Judge is not an advocate. It's you to advocate what you want. Yes, and the Secretary wanted, after a finding about whether there had been a violation of 11C to begin with, the Secretary did want an injunction in joining Ohio Bell from continuing to violate the act. Would that apply to anybody or just the plaintiffs in this case? It would apply to Ohio Bell and any employees of Ohio Bell in the future, so not just the 13 complainants in this case. One more question and I'll quit my colleagues. What does this do for the Secretary? I mean, if the injunction were entered, you would still have to prove the violation and what have you. Is it just the investigatory aspect of the statute that you wish to avoid? Well, so just to clarify, the injunction would only be applicable moving forward, so it wouldn't actually apply to the discrimination that the Secretary has alleged in this case. It would apply if Ohio Bell had discriminated against employees in the future. But you'd have to prove that to show a violation of the injunction. And my point is, is this just to escape the investigatory part of the statute, which is the only difference I can see? Well, the purpose of the injunction is to, obviously, it would subject the defendant to contempt if it violated the terms of the injunction. I understand that, but I'm talking about a practical aspect, and that is, you say, Bell, you violated the injunction because you violated the statute in the following ways, and you'd have to demonstrate that. I mean, Bell would have some kind of right to. Yes, of course. So to answer your question, yes, I think practically the only difference is really the investigation. And why is that a benefit to do away with that for the Secretary? Well, the statute authorizes injunctive relief, I think, because it... That isn't the question I asked. I'm just, I mean, there's a certain due process aspect that... Sure. I wouldn't think the government would necessarily want to get rid of, and I'm just curious. Well, as you mentioned, if the Secretary were to seek contempt, it would, of course, have to establish that Ohio Bell did, again, violate the Act. But I think the reason behind wanting injunctive relief is just that without some kind of repercussions for violating the Act, theoretically, a defendant could discriminate against workers, and then after the Secretary files a complaint, that defendant could then pay back those individual workers and remove any discipline from their records, and then... And your feeling is the injunction would give you some other relief? Yes, so the Act... Would that be a contempt proceeding? Is that what you want? Yes, it could be. But then you'd have to show some kind of deliverance, and then you've got another whole burden of proof, it seems to me. Yes, that's correct. So if there was a contempt action, then the Secretary or the court would have to first establish that the defendant, Ohio Bell in this case, knew that what it was doing was wrong and did it anyway, to put it simply. So in this case, an injunction could only be granted after there had been a finding that it had violated 11C to begin with. So I think the... So what you're asking for is for us to remand to the district court, because the district court's denial of the injunction was based on unexplained and inappropriate factors, because there was just a one-sentence statement by the district judge as to why he was denying the injunction, as I recall? Yes, that's correct. So we are seeking a remand. We're not asking for an injunction as a matter of law here. So that makes me think that the motion for summary judgment that was filed here was really focusing on the mootness issue. Yes. Where the defendant, Ohio Bell, was claiming that because the individual claims had been resolved, that there was nothing left to do. And your basic point in opposing the summary judgment, your client's basic point, was that there did remain things that needed to be addressed. And so you were not asking for the injunction to issue right then. You were asking for trial, as my understanding from reading your response to the request for summary judgment. Yes. Your point is it's not moot, and then you, in fact, in that brief that you filed, you said that there needed to be a trial of various issues. Yes, that's correct. I'm a little confused now. What trial did you want? A trial to determine whether Ohio Bell had violated Section 11C of the OSH Act. And if you had proven they had, the relief you would have got is what they gave you already. If we had proven that they had, then the relief, it would have been back pay and expunging their records. That's what they gave you, right? Yes, but it also would have included the option for injunctive relief, and that is when the district court could have made a determination on the merits about whether injunctive relief was needed and exercised its discretion at that point. Do we have in the record in this case the actual supposed new policies that Ohio Bell adopted that were going to, in their view, moot future cases? I believe that the policies are described in the affidavits that were attached to Ohio Bell's motion for summary judgment. But were the actual policies in the record for the district court? I couldn't find them to look at myself, so that's why I'm wondering if I just missed it or whether they were not there. I don't believe that they were there. I think the only reference to them was the affidavits that described them. And so with respect to mootness, which I think was really the focus of Ohio Bell's motion for summary judgment, as you pointed out, the Secretary is still seeking injunctive relief, and the case isn't moot unless the parties no longer have a legally cognizable interest in the outcome of the litigation. And here the Secretary has an interest not only in protecting the 13 complainants who have already come forward, but in protecting future complainants and other employees of Ohio Bell's. And Ohio Bell does claim that the modification to two of these six policies moots the Secretary's claims because it made changes that it claims remedies the practices that were occurring before. But because Ohio Bell is a party that is asserting mootness, the burden is on them to prove that or to show that this change in policy makes it absolutely clear that the unlawful conduct will not recur. And the burden is not on the Secretary of Labor to prove that despite the changes, the unlawful conduct will still occur. And with respect to the broadness of the injunction, under Rule 65d, that restricts courts in issuing injunctions, but it doesn't restrict litigants in their requests. So obviously a court could decide not to grant a broad injunction, but the broad request should not be a basis for denying the injunction altogether. Thank you. Good morning. May it please the Court. Tom Metzger with Littler Mendelson on behalf of the Ohio Bell Telephone Company. The only issue that remained before the district court was the Department of Labor's request for injunctive relief. All of the tangible relief that the Department of Labor had requested had been granted, and there's no dispute before the district court or before this court about that issue. Is that because the tangible relief related only to these 13 individuals? That's right, Your Honor. The specific tangible relief, and precisely on that point, was for the 13 individuals. The affidavit submitted to the district court confirmed that that relief was provided. Along those lines as well, Your Honor, with respect to the policies that are referenced, there are no policies specifically referenced within the complaint. Also before this court, the appellant has conceded that they're not trying to address a specific policy. The injunction that they're trying to seek is, in fact, an obey-the-law injunction. They have stated both in their primary brief and their reply brief that the policies themselves are not something that they're trying to challenge or to seek an injunction on. Do we have the actual new policies in the record? Not the actual policies in the record, Your Honor. Why not? The affidavit addresses the fact that there were changes, and it gets back, Your Honor, to the question of what was the relief that the Department of Labor was seeking. The relief that they sought in the complaint was specific to these 13 individuals, and several things happened then both before the case was filed and after the case was filed in terms of these policies. Ohio Bell on multiple occasions went to the Department of Labor and said, we want to work with you to revise the policies. We did not, in our own opinion, believe that the policies were leading to any violation. It would likely lead to a violation. But nonetheless, we said, if you want us to change something, we're happy to sit down and change it. There was one example, as addressed within the affidavit, Your Honor, the slips, trips, and falls policy where we talk about that exact procedure. We sat down with the Department of Labor. That policy was revised, and the Department of Labor said that the changes we made were, in fact, acceptable. We invited them to sit down and have further discussions about additional policies. They ultimately decided in a statement to us to say that they did not want to get into the practice of revising our policies for us, but they accepted the fact that we had revised the policies. And therefore, not only within the complaint, it was never raised, there was no revision to the complaint to address the policies, and they've conceded before this Court that they're not seeking an injunction as to a particular policy, or seeking an injunction to revise a policy, or to not have a particular policy enforced. Ultimately, the district court exercised its discretion to not grant the one piece of relief that remained, which was the injunction. So what was the reasoning of the district court? Yes. Wasn't it one sentence statement? I don't agree with that, Your Honor. Okay. The only sentence that I could find was the last sentence of the order. Even if the court retains jurisdiction to issue an injunction, after all the complainant's claims have been satisfied, the court finds that the entry of an injunction is not warranted or proper, given the facts and circumstances in this case. I couldn't find anything else. Above that, Your Honor, I believe it's leading to that conclusion. The first issue that the court addresses, and I believe there are three reasons that the court has given as to why it denied the injunction. The first is the nature of the injunction that they sought, the obey-the-law injunction. The court addresses that within its opinion, addressing this broad general relief that they're seeking, and addresses the fact that an obey-the-law injunction would not be proper. And that's based basically on some very old cases, right? Well, it's a variety of cases, and I do think it is well-founded law, Your Honor, including decisions from the Sixth Circuit, as well as nearly every other circuit except the Ninth Circuit. Finding that an obey-the-law injunction, which is precisely what we have here, would not be proper. So the concern, to get to the meat of the concern, is that it seems that it's almost premature to be saying this injunction request by the government is too broad or not appropriate if the focus of the summary judgment motion was the mootness vis-à-vis the 13 claimants, and if what the government's response was was that they thought that an injunction would be necessary and that there could be framing of the injunction to deal with the specifics. If you could respond to that general concern. Yes, Your Honor. So the decision was not premature for a variety of reasons, setting aside the first reason, which is the court looked at the obey-the-law injunction and determined that that would not be proper. But getting precisely, then, to your point, procedurally where we are, there was a discussion, as a part of the record, on a briefing schedule for motion for summary judgment. There was also a discovery period that the Department of Labor had, and they had an opportunity to conduct discovery. In fact, as a part of the discovery process, they did ask for some discovery, and it was answered, prior to the motion for summary judgment being submitted, and they had specifically asked for information that would assist them in responding to our contemplated motion for summary judgment. That information was submitted, and they also did not ask for, once the motion for summary judgment was submitted, under Rule 56, for additional discovery to address what we raised. In fact, they agreed to the briefing schedule, they had agreed to the discovery schedule that preceded that briefing schedule, and, of course, they responded to our motion for summary judgment, not by saying that they needed some additional facts, not by saying that they needed to go through discovery, but instead to say that our arguments were not sufficient to grant us the relief. In addition, Your Honor, this is not a case, unlike some of the cases that they do address, where there's two pieces being looked at by the district court and by the appellate court. What's missing in this case, not from a procedural standpoint, but from the failure by the Department of Labor to address this at the lower court, there's not a finding of a violation. We don't have a case here to say there's a finding of a violation, and therefore let's scrutinize the extent of the injunction. There are some cases where the courts have said, let's look at the scope of that injunction based upon the fact that there is a violation. But that's what sort of troubles me, is why not remand to the district court so that the need for a finding of a violation can be satisfied? That is the heart of the issue, Your Honor, and it's for multiple reasons. The core of this gets back to precisely what the Department of Labor has said at the district court level and here, which is what they're seeking is an obey the law injunction. Nothing specific. And then the question is, where are we procedurally? Procedurally, they presented no facts. They had the burden and the opportunity to present facts that there was in fact a violation. Well, there was a violation in the sense that there were the 13 claim individuals, and relief was given to the 13 individuals. So there was a violation. There was not a violation. There was an allegation of a violation. There was a complaint submitted to the Department of Labor. The Department of Labor then said, we believe these cases represent a violation. There's never a concession of a violation. And there was no facts to establish a violation. There was action by your client to moot the claim that there were 13 people who had suffered from a violation. And those were actions, Your Honor, that prior to the case even being filed, Ohio Bell clearly said to the Department of Labor we were going to do. We were trying to resolve that matter, and we said,  in terms of our discussions with the Department of Labor. We're going to provide them the relief regardless. They went ahead and filed it. It seems so odd that Ohio Bell would be so concerned about an obey-the-law injunction if all you're being asked to do is obey the law, and you think you were already obeying the law, and you've altered your policies in some way that you say is not being challenged by the Department of Labor. It seems odd that you would be so concerned about such an injunction. Well, there are many substantive reasons for the concern. Both starting first with what Congress has set up. Congress set up the procedure by which a complaint would have to be filed. The Department of Labor agrees that the complaint would have to be filed by the individual within 30 days of the action. Congress then mandates that the Department of Labor investigate that before any action is taken. Congress mandates that then the Department of Labor makes a determination that there is, in their view, potentially a violation which they can bring to the district court. The other part of it, though, Your Honor, is in this case, what they're alleging is a violation is the following. They are alleging, first, we're starting with the base point of Ohio Bell along with every other employer enforcing their safety rules. Every employer has to have safety rules. The safety rules at times are going to be violated. Employees, through intent or not intentionally, may violate a safety rule. Also, the Department of Labor in OSHA requires that we enforce the safety rules. If we're not enforcing those safety rules, they're going to cite us for some other violation if we're not actively enforcing those rules and doing so on a regular basis. What they're alleging in this case is they're picking 13 cases in which there was, in fact, some discipline. The facts that are before the district court are that through 2011 to 2013, in 89% of all the cases in which there was an accident or an injury that was investigated, 89% of those cases, there was no discipline whatsoever. Those facts are before the district court. What the Department of Labor did was to pick 13 cases in which, yes, there was some discipline, and they said that this must be a sign of some violation. They want to ignore the 89% of the cases in which we looked at an injury, we looked at an accident, and said, we're just going to use this as an opportunity potentially to improve behavior, to make sure this isn't happening again, but there was no discipline. Those facts were before Judge Nugent. It's not premature for him to look at those facts that were before him, and when the Department of Labor was not pointing to a specific issue in a policy, they never put a policy in front of him. They did not put any evidence in front of him in terms of deposition testimony. They put nothing in front of him in terms of direct evidence or circumstantial evidence. None of that's there. That was their burden. They were invited to, time and again, to do so, and what they kept getting back to was precisely the issue and the problem that's here, which is they wanted an obey-the-law injunction. And what is your best case that says that an obey-the-law injunction is not permissible? That's a recent published... Well, we start, Your Honor, with the best case from this circuit is the Worcester Brush case, and that is a 1984 case. That is... Also, within nearly every circuit, I believe we addressed that on page 20 and 21 of our brief, we've summarized all of the circuits, starting with the 2nd, and then 3rd, 4th, 5th, this circuit, 7th, 8th, 10th, and 11th, have all agreed that this type of an injunction that is being sought by the Department of Labor is improper, and this, by definition, is an obey-the-law injunction and not something else. There are some cases, including the Worcester Brush case, Your Honor, in which the court looked at different aspects of an injunction. They looked at the obey-the-law injunction component, and then they looked at more specific injunctive relief. Certainly, very specific injunctive relief could be obtained in some context. We just don't have that in this case. We look also in cases such as the FLSA or Fair Labor Standards Act cases. Those types of cases are dealing with a law that allows for something more specific to be addressed. For example, one case we addressed, Your Honor, is one in which an employer was in violation of the law employing individuals under the age of 16. The injunction said comply with the law by not continuing to employ individuals who are under the age of 16. The same type of thing could be done in other Fair Labor Standards Act cases to say don't violate the law by continuing to fail to pay individuals their meal breaks or the time that they're entitled to for breaks that are short of the time off. There's nothing here, both procedurally from the Department of Labor or from the requested injunction submitted to the district court and to this court, that gets us to a more specific request. So your description on page 20 of your brief of EEOC v. Worcester Brush says that it's finding an injunction prohibiting discrimination against women was overbroad. Is there a difference between a general prohibition of discrimination against women and a requirement that an entity comply with a specific section of a particular law? If it's a very specific section of a law... Here it was 11C, I think. Well, in this case, I think the requested belief is even broader in this case versus then discrimination against women, particularly when we look at the context of the Worcester Brush case where there was a finding of a violation. We start with a finding of a violation. The court then says, based upon the finding and the facts we have in that case, some history to look at, we're going to craft an injunction based upon the request of the plaintiff. What I'm trying to explore, though, is I can see, talking now generally and somewhat hypothetically, I can see that often a request for an injunction will follow the language of a particular statutory section because that's what the plaintiff here is seeking in terms of future conduct  And I'm wondering, where should the line be drawn between the specificity that you want to have and the need to deter a wrongdoer, which I know you deny that you are, but to deter a potential wrongdoer from further action? So I can see, and obviously in writing your brief, you carefully chose those words in describing the Worcester Brush case, that it's finding an injunction prohibiting discrimination against women, which is a very broad statement, as opposed to it could be do not discriminate against women in the hiring of new employees. That would seem to be a specific injunction that most people would not have a problem with, I wouldn't think. So I guess I'm concerned about why this one is so much of an overbroad injunction. And this one is so overbroad, Your Honor, because we don't have anything in the record to define what it is they even consider to be the violation and then what would be enjoined. Because if we look at that injunction being issued, if there was in fact an injunction issued on the limited or nonexistent facts that we have in this case, what Ohio Bell is then subjected to is a contempt proceeding in every case in which they discipline somebody. Did the government seek summary judgment and the issuance of an injunction in response to your client seeking summary judgment? They did not. So they envisioned further proceedings. They were opposing the grant of summary judgment to your client, but they were not saying, we're ready for an injunction today, right? Procedurally, that's correct. In terms of what they were asking for, however, I believe that the way they had set up the process, given that they did not otherwise then pursue any additional discovery or submit any additional evidence, or even when they submitted affidavits in support of their opposition to the motion for summary judgment, they did not attempt to submit any facts that may address the underlying merits of the case. They had the opportunity to do many things and what they chose to do was to simply address our opposition to the obey the law injunction. They certainly could have addressed additional facts during the course of discovery. They could have, upon the submission of the motion for summary judgment, requested under Rule 56 time for and the opportunity for additional discovery to address what we raised and to say that it was a premature request on our part. Why isn't their brief in opposition to your motion for summary judgment in the district court sufficient when they have a section that says facts are in dispute concerning the need for an injunction in this case? Because Judge Nugent was able to look at several factors in front of him to deny it, starting with what was the request. We start with, and get back to the base of, this was, in its truest form, a request for an obey the law injunction. Judge Nugent said it wasn't proper here. In addition, the tangible relief had already been granted. There was nothing further for the court to look at factually. Also, the Department of Labor did not submit any facts that would allow Judge Nugent to then say that there was a question in fact. There was nothing that the Department of Labor submitted to the court to say that there was any issue there. And the final effort that the Department of Labor made to say that the grant of our motion for summary judgment would not be proper was to point to some other complaints that had not been fully investigated yet, and to point to, or now in this court, point to cases that involved different entities. And they made some effort there, but it has no bearing whatsoever on the case that was before Judge Nugent. I think it points precisely to the problem as to what they were raising, where they are now trying to say, well, some other individuals complained to the Department of Labor, and the Department of Labor is saying we're still in the process of investigating those. I hate to tell you, but your red light is on. Yes. Thank you, Your Honor. So I'd just like to clarify, with respect to the motion for summary judgment, the Secretary's response included facts that were still in dispute, as you pointed out, Judge Moore. But because the Secretary was not seeking a judgment as a matter of law, the Secretary didn't think it was appropriate to then not only identify those facts, but then go through the different tests that the court should apply in determining the merits of the injunction, because the Secretary didn't think that the outcome of a motion for summary judgment based on mootness would be a decision about an injunction on the merits. And Mr. Metzger is correct that there is no establishment of a violation of 11C, because the summary judgment motion was granted before the Secretary could establish those facts. And again, a response to a summary judgment motion is not the appropriate time for the Secretary to raise all of the facts that go to whether there is a violation. Why not? Because the issue in the summary judgment motion was whether the Secretary's claims were... I understand that's an issue, but you're responding to it, and one of the responses is, we want an injunction, so why not put in why you want the injunction, what the terms would be? That's the way I think most people do it. Well, we weren't actually seeking the issuance of an injunction from that order. We were seeking a denial of the motion for summary judgment so that more facts could be found. There's a very, very limited factual record in this case, and really, the only facts we have are these affidavits to the summary judgment motions. But you weren't prohibited from putting any facts in that you wish to put in. That's correct. We weren't prohibited from putting those facts in, but I think the Secretary... Well, the limited record is due to your own acquisition, your own agreement as to what was happening. Well, the Secretary, in responding to the motion for summary judgment, wanted to limit that response to issues and facts that were relevant to the grant of a summary judgment motion, or the denial of a summary judgment motion. The facts would be relevant to that, wouldn't they? Well, yes, and the facts that are relevant to whether an injunction is warranted are the facts that are relevant to whether there has been an underlying violation of Section 11C. So that would have been the time to put them in? Yes, but the Secretary believes that there are so many facts that needed to be found about the nature of the violation of Section 11C and about the policies that Ohio Bell had changed and whether those policies really were sufficient to remedy the harms that were alleged in the complaint. And all of that would have required much more fact-finding than the Secretary could have put in. I may be missing something, but as I understand it, you had a time for Why couldn't you have during that time discovered these very things that you say the Secretary wants? My understanding of what happened is that the motion for summary judgment was granted before the Secretary had the opportunity to fully investigate those facts. Did you move for more time or anything? I personally was not involved, so I'm sorry. I don't mean you, I mean your client. Right. I don't I don't know if the Secretary moved for more time, but I think in response to the Were you given an opportunity to develop facts? Was that opportunity short cut by the motion, or did the full amount run? I believe the opportunity was cut short by the motion, and in responding to the motion, the Secretary maybe didn't seek the discovery that would have gone to the underlying violations of the Act, but was responding to in a motion for summary judgment, the response, the Secretary's position was that the response should contain legal arguments and identifying facts that raised genuine issues of material facts, so that to argue that the motion should be denied, and so the Secretary identified that there were still But those were facts that That's correct. The facts going to the underlying violation of Eleven-C and the nature of the changes that were made to Ohio Bell's two policies and how those changes might have remedied the alleged retaliation here. Thank you. Thank you. Thank you both. The case will be submitted. Would the clerk call the next case, please?